UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **MICHAEL L. JENKINS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | Case No. 07-CV-2225 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION

On December 5, 2007, Petitioner, Michael L. Jenkins, filed a pro se Motion, which was docketed in this case as a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1).  In his Motion (#1), Petitioner argued that he is entitled to relief from judgment because he was "under hypnotic control and hypnotic suggestion before dureing [sic] and after offenses charged and sentenced."  On January 7, 2008, the Government filed a Motion to Dismiss (#4).  The Government argued that Petitioner's Motion was filed beyond the one-year time limitation of 28 U.S.C. § 2255 and must be dismissed for that reason.  On January 22, 2008, Petitioner filed a Response (#5) in which he stated that he did not intend to file a Motion under 28 U.S.C. § 2255.  He argued that he filed a "Motion Praying that the Court . . . Vacate Judgement and Sentence in Federal and State Court Due to Unconstitutionality of Indictment, Charges, Counts of Federal and State Judgements and Sentences."  Petitioner contended that he could attack the unconstitutionality of an indictment, charges, counts, judgment or sentence at any time.  This court concludes that Petitioner has not demonstrated a proper ground for relief and also concludes that Petitioner's Motion is untimely.  Accordingly, Petitioner's Motion (#1) is DENIED.

FACTS

In Case No. 98-CR-20044, Petitioner was charged by indictment with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Petitioner was found indigent and counsel was appointed to represent him. On September 21, 1998, Petitioner entered a guilty plea to the indictment without a plea agreement. On January 11, 1999, Petitioner was sentenced to a term of 240 months in the Federal Bureau of Prisons for the two bank robbery offenses, and a concurrent term of 120 months for the firearm offense. Petitioner did not file a Notice of Appeal.

On December 5, 2007, Defendant filed a pro se Motion for Relief from Judgment (#24) in his criminal case. This court entered a text order directing the clerk to open a habeas case and file the Motion under 28 U.S.C. § 2255.

ANALYSIS

The Government argues that Petitioner's Motion is untimely based upon the one-year limitations period which applies to § 2255 under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). It is certainly true that a Motion under § 2255 filed December 5, 2007, would be untimely considering that Petitioner was sentenced on January 11, 1999, and did not file a notice of appeal.

However, Petitioner has made it clear that he did not intend to file a Motion under § 2255. It appears that Petitioner intended to file a Motion for Relief from Judgment under Rule 60.

Rule 60 of the Federal Rules of Civil Procedure regulates the procedure for obtaining relief from final judgments and, under certain circumstances, may be employed in habeas cases. Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006). "Relief under Rule 60(b)(6) requires a

showing of 'extraordinary circumstances' justifying the reopening of a final judgment and '[s]uch circumstances will rarely occur in the habeas context.'" Arrieta, 461 F.3d at 865, quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "Rule 60(b) cannot be used to resurrect arguments which could have been made on appeal, to rehash arguments unsuccessfully advanced on appeal, or as the basis for a general plea for relief." Bonty v. United States, 2007 WL 2254178, at *1 (S.D. Ill. 2007). This court concludes that Petitioner has not adequately stated a basis for relief under Rule 60(b).

However, in any case, this court concludes that Petitioner's Motion is untimely. Motions for relief from judgment based upon mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); or fraud (Rule 60(b)(3)) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); Arrieta, 461 F.3d at 864. This time limit is jurisdictional and cannot be extended. Arrieta, 461 F.3d at 864. Motions for relief on other grounds specified in the rule, including the catchall provision in Rule 60(b)(6), must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1); Arrieta, 461 F.3d at 864-65.

This court concludes that Petitioner's claim can only fall under the catchall provision in Rule 60(b)(6). Petitioner's Motion was filed almost nine years after he was sentenced and his conviction became final. This was clearly not "within a reasonable time" under Rule 60(c)(1). Petitioner's argument that he could file his attack on the judgment against him at any time is clearly incorrect. Because Petitioner has demonstrated no proper ground for relief under Rule 60(b), and because he did not file his Motion within a reasonable time, Petitioner's Motion (#1) is DENIED. See Bonty, 2007 WL 2254178, at *1-2.

IT IS THEREFORE ORDERED THAT:

(1) This court concludes that it mistakenly directed the clerk to file Petitioner's Motion as a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.

(2) However, even though this court has now construed the Motion as a Motion for Relief from Judgment under Rule 60 of the Federal Rules of Civil Procedure, it is clear that Petitioner has not adequately stated a basis for relief under Rule 60(b) and it is also clear that the Motion was not filed "within a reasonable time."

(3) Petitioner's Motion [1] is therefore DENIED.

(4) This case is terminated.

ENTERED this 2nd day of May, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE